B. T. STARLING AND WIFE v. JAMES H. NEWSOM.

(Filed 1 December, 1920.)

**Deeds and Conveyances—Rule in Shelley's Case—Heirs of the Body—Estates.**

An estate to S. "for life, and after her death to the heirs of her body in fee, to their only use and behoof," in the *habendum* clause of the deed, conveys to S. a fee-simple estate, under the rule in *Shelley's case*, and the fact that this same language appears in the introductory part does not bring the case without the rule, there being no expression elsewhere in the deed to affect this interpretation.

CONTROVERSY without action, heard by *Cranmer, J.,* at Fall Term, 1920, of WILSON.

From the judgment rendered defendant appealed.

*H. G. Connor, Jr., and Bryce Little for plaintiff.*
*W. A. Finch for defendant.*

BROWN, J. It appears that on 9 February, 1917, John A. Scott and wife executed to Susan Ida Starling a deed for certain lands to said

Susan Ida Starling "for life, and after her death to the heirs of her body in fee, to their only use and behoof."

The question presented is, Does the grantee take a fee simple under the rule in *Shelley's case?* This language appears in the introductory ·or titular part of the deed, and it also appears in the *habendum* clause.

It is clear that under the *habendum* clause the rule in *Shelley's case* ·applies, and Susan Ida Starling takes the fee simple, and having such, ·she, with the jointure of her husband, can convey a good and indefeasi-·ble title. *Leathers v. Gray,* 101 N. C., 162; *Starnes v. Hill,* 112 N. C., 1.

The fact that the same language appears in the introductory clause ·can certainly make no difference. The learned counsel for the defendant ·admits that "looking at the *habendum* clause alone it would seem that the rule in *Shelley's case* applies, and that a fee is conveyed." But the ·defendant contends that as it appears in the introductory clause, "to ·Susan Ida Starling, of the second part, for life, and after her death to the heirs of her body in fee," and looking at the deed from its "four ·corners," that it takes this case out of the rule in *Shelley's case,* and that ·it comes under the exceptions to the rule.

As the language is the same in both the introductory clause and the *habendum,* we fail to see the force of this contention.

Affirmed.